UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
(at Covington)

| | | |
|---|---|---|
| MARLISA J. KENDALL, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2: 10-263-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, | ) | **MEMORANDUM OPINION** |
| Commissioner of Social Security, | ) | **AND ORDER** |
| | ) | |
| Defendant. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

This matter is before the Court for consideration of cross-motions for summary judgment filed by Plaintiff Marlisa J. Kendall ("Kendall" or "the Claimant") and Defendant Michael J. Astrue, Commissioner of Social Security ("the Commissioner"). [Record Nos. 17, 20] Kendall argues that the administrative law judge's decision to close the record before hearing counsel submitted additional evidence was an abuse of discretion. However, the Commissioner contends that the decision to close the record was not an abuse of discretion, and that the decision should be affirmed. For the reasons discussed below, the Court will grant the Commissioner's motion and deny the relief requested by Kendall.

Kendall has also filed a motion to remand for consideration of new evidence. [Record No. 16] The Commissioner maintains that remand is not warranted under sentence six of 42 U.S.C. § 405(g). For the reasons discussed below, the Court will deny Kendall's motion to remand.

## I.

On January 30, 2007, Kendall applied for a period of disability and disability insurance benefits under Title II of the Social Security Act. She alleged disability beginning June 7, 2006. [Tr., pp. 87-89] Her application was denied initially and upon reconsideration. [Tr., pp. 67-70, 74-76]. Kendall, along with her attorney Brian Epstein and vocational expert Martha Goss, appeared before administrative law judge ("ALJ") Timothy G. Keller on August 28, 2008, in Lexington, Kentucky. [Tr., p. 19] During the hearing, Mr. Epstein informed the ALJ that there were several medical opinions not yet submitted into evidence, and he requested time to obtain those records and submit them before the record was closed. [Tr., pp. 21-22, 42] However, the ALJ declined to leave the record open. [Tr., p. 42] In a hearing decision dated January 13, 2009, ALJ Keller found that Kendall was not disabled under sections 216(i) and 223(d) of the Social Security Act and was not entitled to a period of disability or disability insurance benefits. [Tr., p. 18]

Kendall was forty-six years old at the time of the administrative hearing. She has a General Education Diploma ("GED"). [Tr., p 112] Her past work experience was as a setup operator in a factory. [Tr., p. 108] Kendall's alleged disability stems from an accident at home, in which she incurred trauma and pain to her right shoulder, right ribs, and right hip. [Tr., p. 168] After reviewing the record and the testimony presented during the administrative hearing, the ALJ concluded that Kendall suffered from the severe impairments of back, neck, and shoulder pain. [Tr., p. 15] Notwithstanding these impairments, the ALJ found that Kendall did not have any impairment or combination of impairments that met any of the listed impairments

in 20 C.F.R. §§ 404.1525-.1526. [Tr., pp. 15-16] The ALJ found that Kendall retained the residual functional capacity ("RFC") to

> lift, carry, push or pull no more than 20 pounds occasionally and up to 10 pounds frequently; stand/walk six hours in an eight-hour workday; and sit six hours in an eight-hour workday . . . [but] is limited to occasional stooping, crouching, overhead reaching of the right upper extremity, and climbing of ladders, ropes and scaffolds.

[Tr., p. 16] As a result of this assessment, Kendall was denied a period of disability and disability insurance benefits. [Tr., p. 18]

## II.

Under the Social Security Act, a "disability" is defined as "the inability to engage in 'substantial gainful activity' because of a medically determinable physical or mental impairment of at least one year's expected duration." *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 539 (6th Cir. 2007). A claimant's Social Security disability determination is made by an ALJ in accordance with "a five-step 'sequential evaluation process.'" *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 642 (6th Cir. 2006) (en banc) (quoting 20 C.F.R. § 404.1520(a)(4)). If the claimant satisfies the first four steps of the process, the burden shifts to the Commissioner with respect to the fifth step. *See Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003).

First, the claimant must demonstrate that she is not engaged in substantial gainful employment at the time of the disability application. 20 C.F.R. § 404.1520(b). Second, the claimant must show that she suffers from a severe impairment or combination of impairments. 20 C.F.R. § 404.1520(c). Third, if the claimant is not engaged in substantial gainful employment and has a severe impairment which is expected to last for at least twelve months and which meets

or equals a listed impairment, she will be considered disabled without regard to age, education, and work experience. 20 C.F.R. § 404.1520(d). Fourth, if the Commissioner cannot make a determination of disability based on medical evaluations and current work activity and the claimant has a severe impairment, the Commissioner will then review the claimant's RFC and relevant past work to determine whether she can do past work. If she can, she is not disabled. 20 C.F.R. § 404.1520(f).

Under the fifth step of the analysis, if the claimant's impairment prevents her from doing past work, the Commissioner will consider her RFC, age, education, and past work experience to determine whether she can perform other work. If she cannot perform other work, the Commissioner will find the claimant disabled. 20 C.F.R. § 404.1520(g). The Commissioner has the burden of proof only on "the fifth step, proving that there is work available in the economy that the claimant can perform." *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 238 (6th Cir. 2002) (quoting *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 391 (6th Cir. 1999)).

Judicial review of the denial of a claim for Social Security benefits is limited to determining whether the ALJ's findings are supported by substantial evidence and whether the correct legal standards were applied. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). The substantial-evidence standard presupposes that there is a zone of choice within which decision makers can go either way, without interference from the court. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006). Substantial evidence is such relevant evidence as a reasonable mind might accept as sufficient to support the conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007).

If supported by substantial evidence, the Commissioner's decision must be affirmed even if the Court would decide the case differently and even if the claimant's position is also supported by substantial evidence. *Smith v. Comm'r of Soc. Sec.*, 482 F.3d 873, 876 (6th Cir. 2007); *Colvin v. Barnhart,* 475 F.3d 727, 730 (6th Cir. 2007); *Longworth v. Comm'r of Soc. Sec. Admin.*, 402 F.3d 591, 595 (6th Cir. 2005); *Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Thus, the Commissioner's findings are conclusive if they are supported by substantial evidence. 42 U.S.C. § 405(g).

The Court may remand a case under two separate circumstances identified in 42 U.S.C. § 405(g). These two kinds of remand are referred to as "sentence four" and "sentence six" remands due to their placement in the statute. In a sentence four remand, the court has the "power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). A remand entered pursuant to sentence four must accompany an order affirming, modifying, or reversing the Commissioner's decision. *See Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991). A sentence six remand is appropriate "only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." 42 U.S.C. § 405(g). Unlike a sentence four remand, in a sentence six remand, the Court "does not rule in any way as to the correctness of the administrative determination." *Melkonyan*, 501 U.S. at 98. Instead, the remand is the result of new evidence "that was not available to the

claimant at the time of the administrative proceeding and that . . . might have changed the outcome of the prior proceeding." *Id.*

**III.**

Kendall moves for a remand pursuant to sentence six of 42 U.S.C. § 405(g), presenting additional evidence that was not considered by the ALJ. [Record No. 16] She submits for consideration five medical opinions completed by Dr. Patti Tingue-Poczatek: (1) an application for long-term disability benefits including a Statement of Disability dated September 29, 2006; (2) a letter responding to a request from The Hartford dated June 12, 2008; (3) a letter responding to an inquiry from The Hartford dated August 14, 2008; (4) an opinion regarding Kendall's ability to return to work dated September 16, 2008; and (5) copies of office notes dated February 22, March 24, April 24, May 22, and July 11, 2008. [Record No. 16-2, pp. 1-18] The first four of these records contain statements by Dr. Tingue-Poczatek regarding her opinion of Kendall's limitations. Kendall sought to keep the record open after her administrative hearing so that she could submit these records when received, but ALJ Keller denied her request. [Tr., pp. 22, 42]

As stated above, a claimant is entitled to a sentence six remand if she can prove that there is new, material evidence and she can show good cause why it was not available in the prior proceeding. 42 U.S.C. § 405(g); *see also Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001) (noting that the claimant has the burden to show that a sentence six remand is proper). New evidence is that which was "not in existence or available to the claimant at the time of the administrative proceeding." *Foster*, 279 F.3d at 357 (quoting *Sullivan v. Finkelstein*, 496 U.S.

617, 626 (1990)) (internal quotation marks omitted). Evidence is considered material if "there is a reasonable probability that the Secretary would have reached a different disposition of the disability claim if presented with the new evidence." *Id.* (quoting *Sizemore v. Sec'y of Health & Human Servs.*, 865 F.2d 709, 711 (6th Cir. 1988)) (internal quotation marks omitted). Finally, good cause exists when there is a "reasonable justification for the failure to acquire and present the evidence for inclusion in the hearing before the ALJ." *Id.* Kendall has failed to meet her burden in this case, either by proving that the additional evidence is material or by showing that there was good cause for her failure to produce the evidence at the hearing.

Although the evidence is new, in that it was unavailable to Kendall at the time of the hearing, it is not material. The Court rejects Kendall's argument that the opinions are material simply because they "contain treating source opinions" and because the ALJ must develop an RFC "based on *all* relevant evidence."[1] [Record No. 16, p. 2] This is a bootstrap argument that attempts to equate relevance with materiality, and it is not persuasive. She also asserts that there is a reasonable probability that the ALJ's decision would have been different in light of the additional evidence. This assertion is not substantiated by the medical opinions themselves. As an initial matter, the office notes contain no new information that might change the outcome here, and a sentence six remand is unnecessary concerning those records. Regarding the limitations contained in the other medical records, most importantly the Statement of Disability [Record No. 16-2, pp. 1-2], they are inconsistent with the rest of the record and do not indicate

---

1   Kendall's assertion here is somewhat misleading. The ALJ must base the RFC on all the relevant evidence that is *in the record*, not all relevant evidence generally. *See, e.g.*, SSR 96-5p, 1996 WL 374183, at *5 (July 2, 1996) (noting that the RFC assessment is "based upon consideration of all relevant evidence in the case record").

that they were based on medical testing. Nowhere in the opinions or office notes does Dr. Tingue-Poczatek describe any objective medical findings that would support the limitations imposed in the Statement of Disability. She does mention in a number of her office notes, beginning in August 2006, that Kendall's "symptoms seem to be aggr[a]vated by working with repetitive movements of arms." [Tr., pp. 194, 196, 197] This observation does not sufficiently provide support for the extreme limitations indicated in her Statement of Disability, which prohibits all stooping, crawling, or bending and limits Kendall to, for instance, no more than fifteen minutes of standing or sitting, and only ten minutes of walking. [Record No. 16-2, pp. 1-2] Such limitations are out of proportion to the medical opinions documented in the rest of the record. Therefore, it is unlikely that a remand for consideration of these assessments would alter the administrative decision in this case.

Additionally, Kendall has not shown that her failure to produce the evidence was excused by good cause. Her claim is essentially that her hearing counsel failed to obtain the records because he was not located in Kentucky and because he seemingly misunderstood the importance of the records. [Record No. 16, p. 3 (maintaining that Mr. Epstein "incorrectly told the ALJ 'she's pain management' referring to Dr. Tingue-Poczatek," and also "failed to confirm with the medical provider that he had *all* the relevant medical records")] These facts do not establish good cause. *See Taylor v. Comm'r of Soc. Sec.*, 43 F. App'x 941, 943 (6th Cir. 2002) ("[T]here is absolutely no statutory or decisional authority for [the claimant's] unstated, but unmistakable, premise that the alleged incompetence of [her] first attorney constitutes 'good cause' in this context."); *Gropp v. Astrue*, No. 4: 09-CV30, 2009 WL 5103619, at *4 (W.D. Ky. Dec. 15,

2009) ("Besides implying that previous counsel 'dropped the ball,' the plaintiff has not attempted to provide 'good cause' justification for the failure to submit the evidence prior to the ALJ's decision."). Nor does the ALJ's refusal to keep the record open constitute good cause because that decision is within his discretion, as is discussed below. Because Kendall has failed to prove that this new evidence is material or that she failed to produce it as a result of good cause, there is no basis for a sentence six remand in this case.

## IV.

Kendall also moves for summary judgment, seeking a sentence four remand.[2] [Record No. 17] Her argument is based on the issue addressed above: that there is new, material and relevant evidence that the ALJ did not consider because he declined to leave the record open following the hearing. She asserts that a sentence four remand is necessary because ALJ Keller's decision to close the record was an abuse of discretion.

A case must be remanded under sentence four of 42 U.S.C. § 405(g) when the ALJ fails to adequately develop the administrative record. Where there are obvious gaps in the record, the ALJ has the duty to develop the administrative record with respect to the missing evidence. *See Sims v. Apfel*, 530 U.S. 103, 110-11 (2000) ("Social Security proceedings are inquisitorial rather than adversarial. It is the ALJ's duty to investigate facts and develop the arguments both for and against granting benefits."). This duty exists even when the claimant is represented by counsel, although it is heightened when the claimant is proceeding *pro se*. *See Lashley v. Sec'y of Health*

---

2    Kendall makes one conclusory statement in her motion that the ALJ's findings were not supported by substantial evidence, but otherwise provides no support for that allegation. [Record No. 17, p. 1] The Court therefore will not address this argument. *See Singleton v. Astrue*, No. 09-333, 2010 WL 6004448, at *3 (E.D.Ky. June 28, 2010) (deeming an issue waived due to lack of supporting argument).

*& Human Servs.*, 708 F.2d 1048, 1051-52 (6th Cir. 1983). The determination of whether the ALJ has failed to fully develop the record is made on a case-by-case basis by examining the record. *Id.* at 1052 ("There is no bright line test for determining when the administrative law judge . . . failed to fully develop the record."). As long as there is sufficient evidence in the record for him to make a decision regarding the claimant's disability, it is within the discretion of an ALJ to close the record. *See Dotson v. Dotson Coal Co.*, No. 89-3157, 1990 WL 4056, at *1 (6th Cir. Jan. 23, 1990).

As an initial matter, there are no special circumstances here that would heighten the ALJ's duty to develop the record, because Kendall was represented by counsel and therefore fully capable of presenting an effective case. Thus, ALJ Keller had a duty only to ensure that the record did not contain any obvious evidentiary gaps with regard to Kendall's alleged disability that would result in unfairness or prejudice. The five additional records would not provide evidence of health concerns not otherwise addressed by the ALJ's report. Their absence creates merely a minor gap which does not present a "likelihood that significant evidence exists but has been overlooked." *Justus v. Astrue*, No. 7:08-49, 2009 WL 511148, at *3 (E.D. Ky. Feb. 27, 2009) (internal quotation marks omitted). The administrative record in this case currently contains Dr. Tingue-Poczatek's office notes spanning almost two years, from March 14, 2006, through January 17, 2008. The documents omitted from the record were the office notes from six visits in 2008, as well as several communications between Dr. Tingue-Poczatek and Kendall's private insurer, The Hartford. After reviewing the omitted documents, the Court concludes that their lack does not create a significant gap in the administrative record. Dr.

Tingue-Poczatek's medical opinions are well represented in the record, and her office notes from 2008 do not add any new information. Dr. Tingue-Poczatek's communications with The Hartford did indicate limitations and restrictions not mentioned elsewhere in her office notes; however, as noted above, ALJ Keller had no heightened duty toward Kendall to develop the record.[3] Moreover, as discussed above, this Court has concluded that there is no basis for a remand for consideration of new evidence because Kendall has not shown that the additional evidence would have materially affected the outcome. It follows that the lack of evidence as to Kendall's restrictions on movement does not constitute a major or obvious gap in the record that would make the Commissioner's decision unsupported by substantial evidence. Therefore, ALJ Keller's decision was not an abuse of discretion.

## V.

Finally, the ALJ's decision is supported by substantial evidence and, therefore, will be affirmed. After reviewing all the evidence in the record, including the testimony presented at the hearing, ALJ Keller determined that Kendall had an RFC that would allow her to perform past relevant work. The ALJ found that Kendall had the RFC to "lift, carry, push or pull no more than 20 pounds occasionally and up to 10 pounds frequently; stand/walk six hours in an eight-hour workday; and sit six hours in an eight-hour workday," and therefore imposed a light work restriction. [Tr., p. 16] Although she has tenderness and reduced range of motion in the thoracic and lumbar regions, Kendall is neurologically normal. [Tr., pp. 256-58, 266, 268, 290]

---

[3] Additionally, as the Commissioner notes in his motion, Kendall did not inform ALJ Keller that the opinions she sought to submit to the record after the hearing contained any limitations or restrictions. [Record No. 20, p. 6] Therefore, when the ALJ decided to close the record, he was unaware that "there was an outstanding written opinion from a treating physician." [*Id.*]

MRIs of her spine have shown that Kendall has a minor lumbar herniated disc and a minor thoracic disc bulge, but neither is operable, and the medical records suggest that the pain is manageable with the use of a TENS unit and by changing positions. [Tr., pp. 256-59, 265-67, 290-92] The ALJ did not have access to Dr. Tingue-Poczatek's medical opinions regarding Kendall's limitations; however, as discussed above, those restrictions were inconsistent with the rest of the medical opinions in the record. Therefore, ALJ Keller's RFC determination was supported by substantial evidence.

ALJ Keller further concluded, based on the testimony of vocational expert Martha Goss in light of the limitations imposed by his RFC determination, that Kendall was capable of performing past relevant work as an inspector. [Tr., p. 17] Substantial evidence "may be produced through reliance on the testimony of a vocational expert in response to a 'hypothetical' question," as long as the question accurately portrays the claimant's impairments. *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 779 (6th Cir. 1987). ALJ Keller presented his contemplated RFC determination to Ms. Goss as a hypothetical question. He asked Ms. Goss if Kendall would be able to "return to any of [her] previous employment" if he found that

> Kendall was capable of lifting, carrying, pushing, pulling 20 pounds occasionally, and 10 pounds frequently, able to sit, stand and walk for 6 hours each out of an 8 hour work day, only occasional overhead reaching with the right arm, only occasional climbing of ladder, rope and scaffold, only occasional stooping, and crouching, and no concentrated exposure to vibration.

[Tr., pp. 39-40] Ms. Goss responded that Kendall had transferable skills that would allow her to return to her previous employment as an inspector because that position "classifies as light in strength, with an SVP: 3, semi-skilled." [Tr., pp. 39-40] ALJ Keller then adopted Ms. Goss's

testimony "comparing the claimant's residual functional capacity with the physical and mental demands of this work." [Tr., p. 17] Because his hypothetical question adequately described Kendall's limitations, Ms. Goss's testimony served as substantial evidence for the ALJ's decision regarding Kendall's capacity to perform past relevant work.

## VI.

The ALJ did not err in refusing to leave the record open after the hearing date, and remand is not appropriate for consideration of the additional evidence. Further, substantial evidence supports the decision of the Commissioner. Accordingly, it is hereby

**ORDERED** as follows:

(1) Plaintiff Marlisa J. Kendall's Motion to Remand [Record No. 16] is **DENIED**;

(2) Plaintiff Marlisa J. Kendall's Motion for Summary Judgment [Record No. 17] is **DENIED**;

(3) Defendant Michael J. Astrue's Motion for Summary Judgment [Record No. 20] is **GRANTED**; and

(4) The administrative decision will be **AFFIRMED** by separate Judgment entered this date.

This 20th day of September, 2011.



Signed By:
*Danny C. Reeves* DCR
United States District Judge